MICHELE LAUDANO ET AL.

*vs.*

E. WILLIAM IOVANNE

Superior Court    New Haven County    File No. 63077

MEMORANDUM FILED OCTOBER 23, 1942.

*R. J. Woodruff,* of New Haven, for the Plaintiff.

*A. W. Cretella* and *I. Chaplowe,* of New Haven, for the Defendant.

Memorandum of decision in action by property owner to enforce zoning ordinance by injunction.

MUNGER, J. The defendant owns a house and lot on Wooster Place in New Haven known as No. 11 Wooster Place. The plaintiff Laudano owns an apartment house adjoining the defendant's property on one side and the plaintiff Annunziata owns an apartment house on the other side of defendant's property. All of these properties are located within the city zoning ordinance in what is known as "Residence C Zone."

On July 6, 1942, the board of aldermen of the City of New Haven passed an ordinance or resolution making the property on the easterly side of Wooster Place extending from Chapel Street to Green Street a business zone. The properties of the plaintiffs are located within this zone.

On July 15, 1942, and within ten days after the action by the board of aldermen, purporting to act under the city charter, the mayor vetoed the action of the board of aldermen in making the area in question a business zone. The ordinance thereafter was never repassed over the veto of the mayor and therefore the area in which the plaintiffs' and defendant's property are located remained in the "Residence C Zone."

In disapproving and vetoing the action of the board of aldermen, however, the mayor expressly excepted the property of the defendant, to wit, No. 11 Wooster Place. The effect of this was to leave the whole street in a residence zone as before, allowing the defendant, the owner of No. 11 Wooster Place, to conduct his own property as a business property unaffected by the restriction of the residence zone which applied to or upon properties in the block from Chapel Street to Green Street.

The instant case presents an attempt on the part of the plaintiffs to enforce a zoning regulation of the City of New Haven as individual property owners. The plaintiffs say that the veto of the mayor of the ordinance passed by the board

of aldermen, which ordinance or resolution left Wooster Place as a residence zone, was void in so far as it attempted to except the property of the defendant.

There is much to be said for this position and authority has been cited to support it, but the plaintiffs nevertheless are not entitled to the relief sought by way of injunction. Their whole case is based upon the invalidity of the veto by the mayor, setting up no other cause of action. In support of their case the plaintiffs allege, as appears in paragraph 13 of the complaint, that if the defendant is allowed to carry on the enterprise of a funeral parlor as described in the complaint at 11 Wooster Place, their property will be greatly decreased in value and that they will suffer irreparable damage.

It seems clear from the evidence that the plaintiffs have been quite unable to support this allegation and the court cannot do otherwise than to find that there is no evidence offered by the plaintiffs which in its opinion fairly preponderates over the evidence offered by the defendant upon this vital aspect of the case. The court cannot find that the property of the plaintiffs will suffer any damage. The case of the plaintiffs therefore must fall in as much as our court unequivocally holds that unless the plaintiffs can establish damage they cannot by action as individuals enforce the zoning ordinance.

*Lehmaier vs. Wadsworth,* 122 Conn. 571, 577, was a case in which an individual property owner sought to enforce a zoning ordinance by injunctive relief and the court said: "There is lacking any finding of such damage by way of impairment of value or otherwise, as is essential to the right of an individual to enforce zoning ordinances by injunction."

The court also in its opinion points out that the case did not present a claim of public nuisance inflicting special damage upon the plaintiff, neither does the instant case present any such claim or issue. It is wholly an attempt on the part of property owners who have suffered no damage to enforce the zoning ordinance. As before stated, this cannot be allowed.

Judgment must be rendered for the defendant.